UNITED STATES DISTRICT COURT NEW YORK
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

VINAYEK SINGH,

                             Plaintiff,      **COMPLAINT**
        -against-                                 **AND JURY DEMAND**

THE CITY OF NEW YORK, P.O. AMAURIS      ___ Civ.
SANTANA, and OTHER PRESENTLY
UNIDENTIFIED MEMBERS OF THE NEW
YORK CITY POLICE DEPARTMENT,

                            Defendants.
------------------------------------------------------------x

## JURISDICTION

1.     This action is brought pursuant to 42 U.S.C. §1983 for violations of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and pursuant to the laws of the State of New York for violation of the tort laws of the State of New York.

2.     This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §§1331 and 1343(a).

3.     This Court has supplemental jurisdiction over the state court claims pursuant to 28 U.S.C §1367.

4.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## CONDITIONS PRECEDENT TO STATE CLAIMS

5.     Plaintiff VINAYEK SINGH (hereinafter "Mr. Singh" or the "plaintiff") has complied with all conditions precedent to commencement of the state law claims having timely served a written notice of claim upon the Comptroller's Office of the defendant

CITY OF NEW YORK (hereinafter "defendant City"), more than thirty days having elapsed since service of said notice of claim, and this action having been brought within one year and ninety days of the occurrence.

## PARTIES

6. Plaintiff VINAYEK SINGH is a resident of Litchfield, Connecticut.

7. Defendant City was and is a domestic municipal corporation duly organized and existing pursuant to the laws of the State of New York.

8. Defendants P.O. AMAURIS SANTANA ("P.O. Santana") and Other Presently Unidentified Members of the New York City Police Department, (cumulatively the "defendant Police Officers") at all times relevant were employed by the defendant City as police officers.

## FACTUAL BACKGROUND

9. On August 22, 2013, Mr. Singh boarded a downtown 4 or 5 IRT at the Grand Central Station stop intending to go to the Wall Street stop, New York, New York.

10. En route, Mr. Singh stepped out of the subway at the City Hall Manhattan stop to let passengers off a very crowded train.

11. At that moment, Mr. Singh was approached by an unidentified New York City Police Officer in plain clothes who asked Mr. Singh to accompany the officer.

12. Mr. Singh was then taken over to another area at the station where he was met by defendant P.O. Amauris Santana.

13. The defendant Police Officers then took Mr. Singh to the W 14th Street Subway police sub-station.

2

14. While in a holding cell, Mr. Singh asked P.O. Santana why he had been taken there and why he was being held. P.O. Santana responded by simulating an act of "humping" with his pelvis. Mr. Singh told the officer, in substance, that the officer was making a grave mistake.

15. A few hours later, Mr. Singh was placed in handcuffs and transported by the defendant Police Officers down to Central Booking.

16. En route, Mr. Singh complained that the handcuffs were hurting his wrists and the defendant Police Officers response was to call Mr. Singh a "pussy" and tighten the handcuffs even more.

17. About 12 hours after he was first taken into custody, Mr. Singh was arraigned in New York Criminal Court.

18. Singh was charged with New York Penal Law Sections 130.52 (Forceable Touching) and 130.55 (Sexual Abuse in the Third degree).

19. A copy of the original criminal complaint sworn to by P.O. Santana is annexed hereto as Exhibit "A" (underlining should be ignored).

20. In the criminal complaint, Jenny Simbana is identified by P.O. Santana as the complainant.

21. P.O. Santana spoke to Ms. Simbana at the City Hall station stop before he arrested Mr. Singh.

22. During that conversation, Ms. Simbana repeatedly told P.O. Santana that she had never been inappropriately touched by Mr. Singh.

23.  Despite Ms. Simbana having told P.O. Santana that Mr. Singh had done nothing wrong, P.O. Santana proceeded with the arrest of Mr. Singh.

24.  Despite Ms. Simbana having told P.O. Santana that Mr. Singh had done nothing wrong, P.O. Santana swore out a criminal court complaint against Mr. Singh with Ms. Simbana as the complainant.

25.  After his arraignment, Mr. Singh had to appear twice more in criminal court on October 23, 2013 and on December 4, 2013.

26.  On December 4, 2013, the Manhattan District Attorney's Office dismissed all charges against Mr. Singh.

27.  Defendant Police Officers had no probable cause to arrest and imprison Mr. Singh.

28.  Defendant Police Officers had no justification for physically abusing Mr. Singh.

29.  Defendant Police Officers improperly swore out a criminal complaint against Mr. Singh containing false allegations and causing him to be prosecuted.

30.  At all times relevant, the defendant Police Officers were acting within the scope of their employment as police officers for defendant City.

31.  At all times relevant, the defendant Police Officers were acting under color of State law.

32.  The defendant City was deliberately indifferent with respect to the training, supervising and disciplining of the defendant Police Officers which led to the wrongful acts herein.

33. The defendant City encouraged and condoned the various wrongful acts by the defendant Police Officers.

## FIRST CLAIM

34. Plaintiff repeats and realleges the allegations of the prior paragraphs.

35. The defendants' acts and conduct violated plaintiff's rights under the 42 U.S.C. §1983.

## SECOND CLAIM

36. Plaintiff repeats and realleges the allegations of the prior paragraphs.

37. The defendants' acts and conduct constituted an unlawful arrest and false imprisonment of plaintiff.

## THIRD CLAIM

38. Plaintiff repeats and realleges the allegations of the prior paragraphs.

39. The defendants' acts and conduct constituted an unlawful assault and battery upon the plaintiff.

## FOURTH CLAIM

40. Plaintiff repeats and realleges the allegations of the prior paragraphs.

41. The defendant's acts and conduct constituted a malicious prosecution of the plaintiff.

**WHEREFORE,** the plaintiff VINAYEK SINGH, demands the following relief:

(1) Compensatory damages;

(2) Punitive damages;

(3) Attorneys' fees, costs and disbursements;

(4) Such other and further relief as this court finds just and proper; and

(5) Plaintiff demands a trial by jury.

Dated: New York, New York
February 28, 2014

Yours, etc.,

DILLON HOROWITZ & GOLDSTEIN LLP
Attorneys for Plaintiff
VINAYEK SINGH

By _____
MICHAEL GOLDSTEIN (4884)
11 Hanover Square - 20th Floor
New York, New York 10005
(212) 248-4900
mgoldstein@dhgattorneys.com

# EXHIBIT A

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-   MISDEMEANOR

Vinayek Singh (M 51),

Defendant.

Police Officer Amauris Santana, Shield 7291 of the Transit Division District 4, states as follows:

*The defendant is charged with:*

| | | |
|---|---|---|
| 1 | PL 130.52 | Forcible Touching (defendant #1: 1 count) |
| 2 | PL 130.55 | Sexual Abuse in the Third Degree (defendant #1: 1 count) |

On or about August 22, 2013 at about 8:27 A.M., in the subway station at Union Square East & East 14 Street in the County and State of New York, the defendant intentionally, and for no legitimate purpose, forcibly touched the sexual and other intimate parts of another person for the purpose of degrading and abusing such person, and for the purpose of gratifying the defendant's sexual desire; the defendant subjected another person to sexual contact without the latter's consent.

*The factual basis for these charges are as follows:*

I observed the defendant get on a southbound 4 train directly behind a female passenger. I then observed the defendant push his crotch on the passenger's rear, causing the passenger to try to move away from the defendant. I then observed the defendant put his hand on the passengers buttocks, after which the passenger looked back at the defendant and again tried to move away from the defendant.

I then observed, when the train pulled into the station at the above location, the defendant exit the train. I observed that the defendant's penis was erect. I then observed the defendant get back on the same train and again move behind the same female passenger. I then observed the defendant push his crotch into the passenger, poking her with his erect penis. Again, I observed the passenger attempt to move away from the defendant, after which he again poked the passenger with his erect penis.

I am informed by Jenny Simbana of an address known to the District Attorney's Office, that she is the female passenger and that the defendant did not have any consent to

Page 2 of

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

MISDEMEANOR

Vinayek Singh (M 51),

Defendant.

touch her in the manner that he did.

False statements made in this written instrument are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law, and as other crimes.

_____  8/22/13   17:32
Police Officer Amauris Santana      Date      Time

Docket No. 14 CV 1402

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINAYEK SINGH,

                                                 Plaintiff,

– against –

THE CITY OF NEW YORK, P.O. AMAURIS SANTANA,
and Other Presently Unidentified Members of the
New York City Police Department,

                                                 Defendants.

## SUMMONS IN A CIVIL ACTION
## COMPLAINT and JURY DEMAND

### DILLON HOROWITZ & GOLDSTEIN LLP
Attorneys for Plaintiff
**11 Hanover Square - 20th Floor**
**New York, New York   10005**
**(212) 248-4900**
**(212) 248-2848** *fax*

Service of a copy of the within                                         is hereby admitted.
Dated,              , 20__

                                                                             Attorneys for

Sirs/Madams: -- Please take notice

_____      Notice of Entry

that the within is a true copy of an                    duly entered in the office of the
clerk of the within named court on

_____      Notice of Settlement

that an                          of which the within is a true copy will be presented for
settlement to the HON.                           one of the judges of the within
named court, at                        on                    20              at
M.